IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-001925-BNB

DOMINGO MARTINEZ, JR.,

    Applicant,

v.

STEVE GREEN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Domingo Martinez, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Rifle Correctional Center in Rifle, Colorado. Mr. Martinez initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Martinez is challenging the validity of his conviction and sentence in Case No. 05CR4369, in the Denver County District Court.

In an order filed on August 28, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On August 31, 2009, Respondents filed a Pre-Answer Response. Mr. Martinez filed a reply on September 21, 2009.

The Court must construe liberally the Application filed by Mr. Martinez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Martinez was convicted by a jury of one count of possession of a schedule II controlled substance, and one special offender count, and was sentenced to eight years in prison. Mr. Martinez filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on August 7, 2008. *See People v. Martinez*, No. 07CA0256 (Colo. App. Aug. 7, 2008) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on November 4, 2008. Pre-Answer Resp. at Ex. F.

Mr. Martinez then filed the instant Application, which was received by the Court on August 13, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Martinez asserts three claims for relief as follows:

> (1) The trial court failed to declare a mistrial after the jury dead-locked in violation of his due process right;
>
> (2) The trial court excluded a defense witness in violation of his due process right;
>
> (3) The trial court excluded evidence in violation of his due process right;

Respondents contend that all claims except Claim One are exhausted. Respondents argue Mr. Martinez failed to present the claim to the state courts as a federal constitutional question because he relied only on Colorado case law in presenting this claim. Pre-Answer Resp. at 6. Respondents further argue that Mr. Martinez did not indicate the federal law basis for his claim, nor did he label the claim "federal." *Id.* Respondents conclude that the claim now is procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VII) the claim would be rejected as successive and an abuse of the process. *Id.* at 7.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S.

3

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See* **Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See* **Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." **Cummings v. Sirmons**, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Martinez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See* **Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. **Jackson v. Shanks**, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a

procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Upon review of the opening brief in Mr. Martinez's direct appeal in state court, the Court finds that Mr. Martinez did not raise the mistrial claim as a federal issue. *See* Pre-Answer Resp. Ex. B at 17-26. Mr. Martinez did not assert the exact constitutional injury in state court for Claim One like he did for the other two claims that he raises in the instant action. Furthermore, in addressing Claim One, the Colorado Court of Appeals did not analyze it in terms of a federal constitutional claim, but relied only on Colorado law.

With limited exceptions that are not applicable to Mr. Martinez's mistrial claim, the Colorado Rules of Criminal Procedure bar him from raising a claim in a postconviction motion that could have been raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Martinez has procedurally defaulted Claim One in state court.

He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim One, therefore, is

procedurally barred from federal habeas review. Accordingly, it is

ORDERED that Claim One is dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claims Two and Three shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 19 day of Nov, 2009.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01925-BNB

Domingo Martinez, Jr.
Prisoner No. 89603
Rifle Corr. Center
0200 County Rd 219
Rifle, CO 81650

John T. Lee
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk