IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01925-PAB-MEH

DOMINGO MARTINEZ, JR.,

    Petitioner,

v.

STEVE GREEN, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE**[1]
_____

This matter comes before the Court *sua sponte*. In a Status Report ordered by the Court, Respondents indicated that Petitioner's address has changed. (Docket #20.) Petitioner is under a continuing obligation to inform the Court of any changes in his contact information. The docket does not reflect a notice by Petitioner regarding an address change.

Although Petitioner proceeds in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however,

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

*pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). D.C. Colo. LCivR 10.1M requires that any change of address (or other contact information) be noticed to the Court within five days of such change.

The Court issued an Order to Show Cause on February 3, 2011, directing the Petitioner to show cause, in writing and filed with the Court, as to why his petition should not be dismissed for his failure to comply with the Local Rules on or before February 17, 2011. To date, Petitioner has not responded to the Order to Show Cause, nor has Petitioner filed a notice of change of address. The docket reflects that the Order to Show Cause was mailed to Petitioner at the most recent address identified by Respondents (*see* docket #20) and was returned as undeliverable with no forwarding address. (Docket #22.)

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's (or petitioner's) failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds

for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Here, review of the *Ehrenhaus* factors is colored by the fact that even if the Court were to adjudicate the habeas petition, such adjudication would be meaningless as it would not be successfully communicated to the Petitioner for his review, thereby potentially impacting his right to file an objection or appeal if he chooses. In any event, Petitioner shirked his obligation to maintain an open line of communication with the Court by failing to comply with D.C. Colo. LCivR 10.1M, which in turn has impacted his ability to respond to the Order to Show Cause as directed by the Court. Petitioner's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In considering the fifth *Ehrenhaus* factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with D.C. Colo. LCivR 10.1M and by his failure to respond to this Court's Order to Show Cause, or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this habeas petition is warranted. *See Myers v. [No Named Defendant]*, No. 07-cv-02421-BNB, 2008 WL 608311 (D. Colo. Mar. 4, 2008) (failure to communicate properly with Court, including failure to inform Court of change of address, resulted in dismissal without prejudice).

Accordingly, the Court **RECOMMENDS** this habeas petition be dismissed without prejudice for Plaintiff's failure to follow court orders and to comply with Local Rule 10.1M.[2]

Respectfully submitted this 1st day of March, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).